911 P.2d 1202

STATE of New Mexico,
Plaintiff–Appellee,

v.

Jessie FIERRO, Defendant–Appellant.

No. 16026.

Court of Appeals of New Mexico.

Feb. 2, 1996.

Tom Udall, Attorney General, Anthony Tupler, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Douglas W. Baker, Ann Arbor, Michigan, for Defendant–Appellant.

*OPINION*

PICKARD, Judge.

■ 1. Defendant pleaded guilty to possession with intent to distribute marijuana, reserving her right to appeal the trial court's denial of her motion to suppress. Defendant contends that the officer who stopped her car during a roving patrol lacked reasonable suspicion to do so. We agree and reverse.

2. Defendant was stopped at approximately 10:30 p.m. on a Saturday night while she was travelling north on Highway 85 between Las Cruces and Radium Springs. She was stopped by a United States Border Patrol agent. The agent testified that Highway 85 was frequently used for smuggling aliens, particularly when the checkpoint on the adjacent Interstate Highway 25 (I–25) was open while the checkpoint on Highway 85 was closed, as it was on the night in question. He also said that Highway 85 was well travelled in the evenings after work, but traffic slowed down considerably during the night. On a Saturday night, however, it would not be unusual to encounter a car returning from a night out in Las Cruces or El Paso.

3. In addition to the above general facts concerning the time and place of the stop, the agent testified about the specific reasons that he stopped Defendant's car, a sedan. He testified that the car had tinted windows, contained several passengers, was riding low, and had its license plate propped up in the rear window. The location of the license plate indicated to the agent that the vehicle may have been in Mexico, where people remove their plates so that the plates will not be stolen. The riding position of the car indicated that it may have been heavily loaded, although the agent conceded that the riding position could equally indicate bad shocks or suspension. The agent did not identify any particular item of conduct or description of either Defendant, her car, or the time and place of the stop that he related, based on his experience as an officer, to a probability of illegal conduct.

4. When a stop is not made at a fixed, border checkpoint, but is rather made by a roving patrol, the level of intrusion is such that the stop must be justified by specific articulable facts warranting a reasonable suspicion that unlawful activity is afoot. *United States v. Brignoni–Ponce*, 422 U.S. 873, 884, 95 S.Ct. 2574, 2582, 45 L.Ed.2d 607 (1975); *see State v. Porras–Fuerte*, 119 N.M. 180, 184, 889 P.2d 215, 219 (Ct.App.) ("As the degree of intrusion intensifies so must the probativeness of the articulated circumstances."), *cert. granted*, 119 N.M. 21, 888 P.2d 467 (1994); *State v. Guzman*, 118 N.M. 113, 115–16, 879 P.2d 114, 116–17 (Ct.App.) (similar), *cert. denied*, 118 N.M. 695, 884 P.2d 1174 (1994). The reasonable suspicion may be based on the whole picture available to the officer when viewed in light of the officer's experience, but it also must be particularized to those persons being stopped and their circumstances. *United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).

5. This requirement of reasonable suspicion that must be particularized to the defendant was analyzed by the Tenth Circuit Court of Appeals in a case with facts strikingly similar to those in the instant case. *See United States v. Monsisvais*, 907 F.2d 987 (10th Cir.1990). In *Monsisvais*, Border Patrol agents were working a different stretch of Highway 85 near the Truth or Consequences checkpoint. *Id.* at 988. The road and time of day had similar characteristics to those in this case. *Id.* at 989. The agents stopped a pickup truck with a camper shell that had Arizona plates and was "riding extremely heavy." *Id.* at 988–89. The stop was made when the truck turned south on I–25 upon seeing the officers, instead of continuing its northerly route. *Id.*

6. The Court acknowledged that the officers' information must be viewed as a whole and must be viewed in the light of the officers' experience. *Id.* at 990. However, the Court considered it fatal that the record in the case was not supplemented with evidence of facts known to the officer that would justify a stop of this particular truck on this particular road at this particular time of day. *Id.* at 992. It was not sufficient that the road was used by smugglers who sometimes used pickups with camper shells and that Arizona plates were unusual. *Id.* at 990–92.

7. To a like effect in this case, we deem cars that are riding heavy and that have tinted windows and license plates in the rear window a common enough occurrence in New Mexico. *See State v. Lucero*, 97 N.M. 346, 351, 639 P.2d 1200, 1205 (Ct.App.1981) (decisions of Tenth Circuit Court of Appeals effectively govern law applied in this state that would be reviewable in habeas corpus proceedings), *cert. quashed*, 98 N.M. 51, 644 P.2d 1040 (1982). Thus, the record should contain something more particularized to the circumstances of the person or vehicle being stopped, even on a highway such as Highway 85, before a court can say that the stop is justified by reasonable suspicion sufficient to permit a roving patrol stop. *Compare Monsisvais; Porras–Fuerte*, 119 N.M. at 185, 889 P.2d at 220 (people travelling to a ski area late at night in street clothes with no apparent luggage and skis without bindings on top of the car did not justify a roving stop) *and State v. Estrada*, 111 N.M. 798, 802, 810 P.2d 817, 821 (Ct.App.1991) (station wagon with spare tire out of place did not justify prolonged detention at checkpoint) *with Guzman*, 118 N.M. at 115, 879 P.2d at 116 (highly unusual strength of air freshener, together with unusual nervousness, justified additional detention at checkpoint).

8. The conviction is reversed with instructions to grant Defendant's motion to suppress.

9. **IT IS SO ORDERED.**

FLORES, J., concurs.

HARTZ, J., concurs in result.

HARTZ, Judge (specially concurring).

10. I concur in the result. I agree that *United States v. Monsisvais*, 907 F.2d 987 (10th Cir.1990), is controlling. Given that the law enforcement officers in both *Monsisvais* and this case were agents of the United States Border Patrol, who are bound to obey federal law, we should avoid creating confusion and be particularly deferential to opinions of the United States Court of Appeals for the Tenth Circuit. I note that of the five judges who have previously ruled on the

stops in *Monsisvais* and this case, two (the Tenth Circuit majority) found the officers' conduct unlawful, while three (dissenting Circuit Judge Barrett, United States District Court Judge Burciaga, and New Mexico State District Judge Cornish) believed that the officers possessed constitutionally adequate reasonable suspicion.